FILED by _____ D.C.

SEP 22 2016

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: __16-20717__

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 2

ALTONAGA

/ O'SULLIVAN

UNITED STATES OF AMERICA

vs.

STUART ALAN STARR and
GLEN WAYNE STARR,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1. One Stop Insurance Agency, Inc. ("One Stop"), was a Florida corporation incorporated on or about March 19, 1990, with its principal place of business listed as 17088 West Dixie Highway, North Miami Beach, FL 33160. One Stop specialized in offering liability and cargo insurance policies to independent truckers and small trucking companies for coverage of trucks, tractor trailers, and heavy equipment. One Stop was registered with the Florida Division of Financial Services and was an approved agent of several insurance companies including Progressive Insurance Company and Lloyds of London.

2. Pro Premium Finance Company, Inc. ("Pro Premium") was a Florida corporation incorporated on or about February 6, 1987, with its principal place of business listed

as 5012 Hollywood Boulevard, Suite 200, Hollywood, FL 33021. Pro Premium offered financing for property and casualty insurance premiums on insurance policies obtained through insurance agents including One Stop.

3. **STUART ALAN STARR** resided in North Miami Beach, Florida. He was the co-owner and operator of One Stop. He was also a licensed insurance agent with the Florida Division of Financial Services.

4. **GLEN WAYNE STARR** resided in Hollywood, Florida. He was the president of One Stop. He was also a licensed insurance agent with the Florida Division of Financial Services.

## COUNT 1
## CONSPIRACY TO COMMIT WIRE FRAUD
## (18 U.S.C. § 1349)

1. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2014, through in or around September 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STUART ALAN STARR and
GLEN WAYNE STARR,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to knowingly, and with intent to defraud, devise and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in

2

interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent finance agreements, insurance declarations, and related documents to finance companies to induce them to make loans to cover the premiums on fictitious insurance policies, and (b) diverting the fraudulently obtained funds for their own personal use and to further the fraud scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **STUART ALAN STARR** and **GLEN WAYNE STARR** prepared and caused to be prepared false and fraudulent insurance financing application packages, which included insurance declarations, financing agreements, and related documents, in the names of real and fictitious trucking companies that were purportedly customers of One Stop.

5. **STUART ALAN STARR** and **GLEN WAYNE STARR** falsely represented in the financing agreements, among other things, that One Stop's purported customers had met their down payment obligations when, in fact, no such payments had been made.

6. **STUART ALAN STARR** and **GLEN WAYNE STARR** falsely represented that these loans were to be used for the payment of premiums for liability and cargo insurance policies covering trucks, tractor trailers, and heavy equipment obtained by the purported customers of One Stop and underwritten by Progressive Life Insurance or Lloyd's of London.

3

7. **STUART ALAN STARR** and **GLEN WAYNE STARR** submitted the false and fraudulent insurance financing application packages via email and facsimile to Pro Premium requesting funding for the false and fraudulent insurance premium loans.

8. Once Pro Premium approved the Premium financing applications, it then authorized **STUART ALAN STARR** and **GLEN WAYNE STARR** to issue checks to One Stop for the amounts of the insurance premiums financed.

9. **STUART ALAN STARR** and **GLEN WAYNE STARR** deposited the checks into bank accounts controlled by them for their personal use and benefit and to further the fraud.

10. Over the course of the conspiracy, the defendants fraudulently obtained loans on approximately 320 insurance premium financing agreements for which the financing companies suffered losses in the amount of approximately $25,000,000.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-6
## WIRE FRAUD
## (18 U.S.C. § 1343)

1. Paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2014, through in or around September 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STUART ALAN STARR and**
**GLEN WAYNE STARR,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were

4

false and fraudulent when made, and, for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication, in interstate commerce, certain writings, signs, signals, pictures or sound, in violation of Title 18, United States Code, Sections 1343 and 2.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendants to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent financing agreements, insurance declarations, and related documents to finance companies to induce them to make loans to cover the premiums on fictitious insurance policies, and (b) diverting the fraudulently obtained funds for their own personal use and benefit and to further the fraud scheme.

## SCHEME AND ARTIFICE

4. Paragraphs 4 through 10 of the Manner and Means Section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE WIRES

5. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, **STUART ALAN STARR** and **GLEN WAYNE STARR**, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, picture, and sounds as more particularly described below:

5

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | June 2, 2014 | Email relating to Premium Financing Agreement in the amount of $63,004.00 sent from the Southern District of Florida through EarthLink Fax in Atlanta, Georgia, to Pro Premium in Broward County, Florida |
| 3 | July 31, 2014 | Email relating to Premium Financing Agreement in the amount of $139,399.00 sent from the Southern District of Florida through EarthLink Fax in Atlanta, Georgia, to Pro Premium in Broward County, Florida |
| 4 | October 27, 2014 | Email relating to Premium Financing Agreement in the amount of $43,192.00 sent from the Southern District of Florida through EarthLink Fax in Atlanta, Georgia, to Pro Premium in Broward County, Florida |
| 5 | March 18, 2015 | Email relating to Premium Financing Agreement in the amount of $75,000.00 sent from the Southern District of Florida through EarthLink Fax in Atlanta, Georgia, to Pro Premium in Broward County, Florida |
| 6 | March 31, 2015 | Email relating to Premium Financing Agreement in the amount of $20,919.00 sent from the Southern District of Florida through EarthLink Fax in Atlanta, Georgia, to Pro Premium in Broward County, Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## **FORFEITURE**
### **(18 U.S.C. § 981(a)(1)(C))**

1. The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, as alleged in this Indictment, the defendants **STUART ALAN STARR** and **GLENN WAYNE STARR** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section

2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. The property which is subject to forfeiture includes, but is not limited to, the following: a sum of money equal in value to the property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of each defendants' respective sentence.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedure set forth at Title 21, United States Code, Section 853.

A TRUE BILL.

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

STUART ALAN STARR and
GLEN WAYNE STARR,

          Defendants.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

__X__ Miami      ____ Key West
____ FTL      ____ WPB     ____ FTP

New Defendant(s)     Yes ____     No ____
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    __No__
   List language and/or dialect

4. This case will take __15__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                 (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | ____ | Petty | ____ |
   | II | 6 to 10 days | ____ | Minor | ____ |
   | II | 11 to 20 days | __X__ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | __X__ |
   | V: | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

                                            _____
                                            LOIS FOSTER-STEERS
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Florida Bar No. 0480509

*Penalty Sheet(s) attached                                                              REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** STUART ALAN STARR

**Case No:** _____

**Count # 1:**

    Conspiracy to Commit Wire Fraud

    Title 18, United States Code, Section 1349

**\* Max. Penalty:** Twenty (20) years' imprisonment

Counts # 2-6:

    Wire Fraud

    Title 18, United States Code, Section 1343

**\*Max. Penalty:**   Twenty (20) years' imprisonment as to each count

Count #:

_____

**\*Max. Penalty:**

Count #:

_____

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** GLEN WAYNE STARR

**Case No:** _____

**Count # 1:**

    Conspiracy to Commit Wire Fraud

    Title 18, United States Code, Section 1349

**\* Max. Penalty:** Twenty (20) years' imprisonment

Counts # 2-6:

    Wire Fraud

    Title 18, United States Code, Section 1343

**\*Max. Penalty:**  Twenty (20) years' imprisonment as to each count

Count #:

_____

_____

**\*Max. Penalty:** _____

Count #:

_____

_____

**\*Max. Penalty:** _____

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.